UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Mark Herickhoff, d/b/a
Herickhoff Farms,

Plaintiff,

vs. MINUTE ORDER

Bonanza Valley State Bank, and
Randall Peterson, individually,

Defendants. Civ. No. 00-144 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 16th day of August, 2000.

* * *

On August 15, 2000, the Court heard argument on the objections of the Defendant Randall Peterson ("Peterson") to certain questions that were posed during his then on-going deposition. For these purposes, the Plaintiff appeared by Thomas J. Lyons, Jr., Esq.; Peterson appeared by William F. Logan, Esq.; and the Defendant Bonanza Valley State Bank ("Bonanza Bank") appeared by Robert T. Stich and Stanley R. Parker, Esqs. As recorded, at the time of the Hearing, the objections are sustained, in part.

Three areas of inquiry are in dispute. The Plaintiff seeks to determine whether Peterson, during the course of his deposition, was influenced by any medications. Peterson has denied any such

FILED AUG 16 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

influence, under oath, but counsel for the Plaintiff requests the identities of the medications, which have been taken by Peterson, in order that counsel could independently ascertain their potential mind-altering effect. As we stated at the Hearing, Peterson's denial of being under the influence of medications is sufficient, absent show other showing that Peterson appeared to be under the influence. Counsel for the Plaintiff has made no such showing but, in the interests of assuring that the confidentiality, which Peterson seeks to invoke, will not be employed as a sword, rather than a shield, we ruled that, absent his a withdrawal of his objection, at the Hearing, he is deemed to have waived any future objection, that he was unable to understand any of the questions of Plaintiff's counsel by virtue of the medications he was taking at the time of the deposition.

Second, the Plaintiff sought to inquire as to the factual bases for Peterson's termination of employment by Bonanza Bank. Ostensibly, the Plaintiff seeks such information in order to determine the extent to which, if at all, Bonanza Bank "ratified or approved" the acts of Peterson, which underlie the Plaintiff's Complaint. See, Minnesota Statutes Section 549.20, Subdivision 2(d). In particular, the Plaintiff underscores that he may well be seeking punitive damages, as to his State law claims, against the Defendants and, as to Bonanza Bank, Minnesota law requires some

specific factual showings. Id. As we explained at the Hearing, the Plaintiff is entitled to inquire as to whether Bonanza Bank "ratified or approved" Peterson's challenged conduct, but the bases of Peterson's termination are irrelevant to these proceedings if his termination was unrelated to the Plaintiff's accusations. As we further explained, the Plaintiff is entitled to discover whether Peterson, or Bonanza Bank, had prior incidents, which involved the automatic Stay imposed in Bankruptcy proceedings, so as to place one, or both, of the Defendants on notice. However, we see no relevancy -- apart from the area of inquiry we have identified -- in the bases for Peterson's separation from Bonanza Bank's employment.

Lastly, the Plaintiff has generally inquired into Peterson's financial compensation as an employee of Bonanza Bank. As we ruled, at the time of the Hearing, unless Peterson received an economic incentive by attempting to collect delinquent accounts, his compensation package is irrelevant to the Plaintiff's claims, or to the Defendants' defenses. Lest there be doubt to the contrary, while the protection Peterson seeks is not derived from the usual privileges that are invoked during depositions, or from trade or commercial secrets, we, nonetheless, find the need for protection as compelling, where inquiry is made, as to irrelevant information which can only be obtained by directly invading privacy

interests that society expects will be preserved absent persuasive cause for disclosure. Here, no such cause has been proffered.

NOW, THEREFORE, It is --

ORDERED:

That the objections of the Defendant Randall Peterson, which were interposed during the course of his deposition, are sustain in part, and overruled in part.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE